Filed 1/13/22  P. v. Hall CA4/1
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL ANDRE HALL,<br><br>    Defendant and Appellant. | D078174<br><br><br>(Super. Ct. No. FWV1202970) |

APPEAL from an order of the Superior Court San Bernardino County, Shahla S. Sabet, Judge.  (Retired Judge of San Bernardino Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed and remanded with directions.

Gary V. Crooks, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos, Seth Friedman, and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

In 2013, Michael Andre Hall and a co-defendant were charged with three counts of murder (Pen. Code,[1] § 187, subd. (a)) and multiple other felonies. Hall entered into a plea agreement in which he pleaded guilty to one count of voluntary manslaughter (§ 192, subd. (a)) as a lesser offense of murder and one count of robbery (§ 211). Hall also admitted the crimes were committed for the benefit of a criminal street gang. The court sentenced Hall to a determinate term of 12 years in prison.

In 2019, Hall filed a petition for resentencing under section 1170.95. The trial court denied the petition on the grounds section 1170.95 did not apply to persons who pleaded guilty to manslaughter as lesser offenses of murder. Hall appealed, and this court affirmed the denial of Hall's resentencing petition in an unpublished opinion. (*People v. Hall*, D078174 (Aug. 18, 2021).)

Hall petitioned for review. The Supreme Court granted review and remanded the case to this court to reconsider our opinion in light of newly enacted Senate Bill No. 775 (Stats. 2021, ch. 551) (Senate Bill 775), which became effective January 1, 2022.

We requested and received supplemental briefing from the parties on the impact of Senate Bill 775 on this appeal. Both Hall and the Attorney General contend the order must be reversed and the case remanded to the trial court with directions to issue an order to show cause and to conduct an evidentiary hearing as required by section 1170.95. We agree. The statutory changes that occurred while this case was pending require reversal. As such, we will reverse the order and remand the matter back to the superior court with directions.

---

[1] All further statutory references are to the Penal Code.

2

## DISCUSSION

At the time this case was under review, the unbroken line of appellate authority held that manslaughter and attempted murder convictions by plea were not eligible for relief under section 1170.95. (*People v. Turner* (2020) 45 Cal.App.5th 428, 431-441.)

In Senate Bill 775, the Legislature clarified that it intended persons who pleaded guilty to manslaughter as lesser offenses of murder to be eligible for resentencing just the same as persons who were convicted of murder.

Since Hall's appeal of the order denying resentencing is not yet final on the effective date of Senate Bill 775, he is entitled to any benefits the new statute may provide. (*People v. Garcia* (2018) 28 Cal.App.5th 961, 973.)

We agree with the analysis of the impact of the new legislation on this case as argued by the parties. We will accept the Attorney General's concession.

3

DISPOSITION

The order denying Hall's petition for resentencing under section 1170.95 is reversed. The Superior Court is directed to issue an order to show cause and to hold an evidentiary hearing as required by statute. We express no opinion on the appropriate outcome of such hearing.


HUFFMAN, Acting P. J.

WE CONCUR:



DATO, J.



GUERRERO, J.

4